# EXHIBIT D

Case 4:12-cv-00856-A   Document 42   Filed 03/07/13   Page 1 of 1   PageID 300

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 7 2013
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-856-A |
| | § | |
| IDEAMAX, EUGENE LEE, and | § | |
| AEKYUNG LEE, | § | |
| | § | |
| Defendants. | § | |

FINAL JUDGMENT AS TO PERMANENT INJUNCTION

Consistent with the order granting permanent injunction signed in the above-captioned action on the date of the signing of this final judgment as to permanent injunction,

The court ORDERS, ADJUDGES, and DECREES defendants, IdeaMax, Eugene Lee, and Aekyung Lee, their agents, attorneys, employees, and representatives, and all who are in active concert with any of them and who receive actual notice hereof, are hereby enjoined and restrained from any further use of the terms or marks "DigiClean," "DigiPad," and "DigiCloth," or any name or mark deceptively similar to plaintiff's DIGICLEAN® Mark as used in association with screen wipes.

SIGNED March 7, 2013.

_____
JOHN McBRYDE
United States District Judge

Case 4:12-cv-00856-A Document 87 Filed 05/28/13 Page 1 of 2 PageID 808

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 28 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| FLEXIBLE INNOVATIONS LTD., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:12-CV-856-A |
| § | |
| IDEAMAX, EUGENE LEE, and § | |
| AEKYUNG LEE, § | |
| § | |
| Defendants. § | |

## SUPPLEMENTAL FINAL JUDGMENT AS TO PERMANENT INJUNCTION

Consistent with Sections 3, 4, and 5 of the order the court signed in the above-captioned action on the date of the signing of this Supplemental Final Judgment as to Permanent Injunction (hereinafter "Supplement"),

The court ORDERS, ADJUDGES, and DECREES that IdeaMax, Eugene Lee, and Aekyung Lee (hereinafter "defendants"), their agents, attorneys, employees, and representatives, and all who are in active concert with any of them and who receive actual notice hereof, are hereby enjoined and restrained from any further use of the term "DigiStand" in association with the screen cleaner products of defendants.

The court further ORDERS, ADJUDGES, DECREES, and ENJOINS that within five business days of the date of the signing of this Supplement, defendants (1) give written notification to industry search engines, including, but not limited to, SAGE, ESP, Zoom

Catalog, Promo Marketing, and Distribution Central, of the Final Judgment as to Permanent Injunction the court signed in the above-captioned action on March 7, 2013, and of this Supplement, and (2) affirmatively demand in writing to each such search engine that the industry search engines remove all references (including meta tags) to "DigiClean," "DigiPad," "DigiCloth," and "DigiStand" in association with defendants' screen cleaner products from such search engines; and that, within ten business days after the date of the signing of this Supplement, defendants file a document in the above-captioned action, serving a copy on counsel for the plaintiff, informing the court that they have done what they are required hereby to do, to which document defendants shall attach as exhibits copies of all writings used by defendants to provide the required notifications and in which document the exhibits attached thereto are to be listed and described.

SIGNED May 28, 2013.

_____
JOHN McBRIDE
United States District Judge



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., a Texas Limited Partnership, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. 4:12-CV-00856-A |
| IDEAMAX, EUGENE LEE, and AEKYUNG LEE, | § § § § | |
| Defendants. | § | |

## AGREED ORDER GRANTING SUPPLEMENTAL PERMANENT INJUNCTION

Reference is made to this Court's Order Granting Permanent Injunction of March 7, 2013, and the Supplemental Final Judgment as to Permanent Injunction of May 28, 2013. Subsequent proceedings have been had and the parties have resolved their differences, part of which agreement is to the entry of supplemental permanent injunctive relief. The parties are in agreement with the terms of this Agreed Order. Therefore,

The Court ORDERS, ADJUDGES and DECREES that Defendants, IdeaMax, Eugene Lee and Aekyung Lee, their agents, employees and representatives, and all who are in active concert with them and who receive actual notice hereof, are hereby enjoined and restrained commencing thirty days after entry of this Order from:

    (a)    Except for marking Defendants' products with the U.S. Patent Number referenced below, referencing U.S. Patent No. 6,613,382 to identify the cleaning qualities or cleaning characteristics of goods;

    (b)    Using the specific phrases "The Only US Patented Microfiber Screen Cleaner Manufacturer", "Trust the Original Genuinely United States Patented Manufacturer," "Official

United States Patented Product," or phrases to suggest that Defendants have a patent that applies to cleaning qualities or cleaning characteristics in association with (including without limitation, usage in email tag lines, usage in online and printed catalogs, and usage on webpages) Defendants' microfiber screen wipe products;

(c) Displaying in any webpages or in a catalog a representation of U.S. Patent No. 6,613,382 containing any information that is not expressly included in such patent, or any extract thereof that is not identically reproduced; and

(d) Nothing herein shall prevent or enjoin Defendants from marking such of Defendants' products as they deem appropriate with U.S. Patent No. 6,613,382.

SIGNED this 26 day of June, 2013.

JOHN McBRYDE
United States District Judge

101416