IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **FLEXIBLE INNOVATIONS LTD**, a Texas Limited Partnership, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:14-cv-350-O |
| **K DESIGN MARKETING, INC.**, a Montana Corporation, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff's Motion for Judgment with Brief in Support (ECF No. 13), filed November 21, 2014. Plaintiff brought this action against Defendant, alleging Defendant unlawfully used the term "DIGICLEAN," a trademark registered by Plaintiff, to divert potential DIGICLEAN customers away from Plaintiff to Defendant's websites. After Defendant failed to file a responsive pleading or otherwise defend this suit, the Clerk of Court entered default against Defendant, and the Court granted Plaintiff's motion for default judgment. *See* Order, Nov. 10, 2014, ECF No. 12. In its grant of default judgment, the Court ordered Plaintiff to file an affidavit specifying his damages. *Id.*

Default judgments are judgments on the merits that conclusively establish a defendant's liability but do not establish the amount of damages. *J & J Sports Prods., Inc. v. Q Café, Inc.*, No. 3:10-cv-2006–L, 2012 WL 216274, at *1 (N.D. Tex Jan. 25, 2012) (Lindsay, J.) (quoting *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). In awarding damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Therefore, the relief prayed for in a complaint limits the relief available on

default judgment. *Arista Records LLC v. Salas*, No. 3:08-cv-855-O, 2009 WL 290185, at *2 (N.D. Tex. Feb. 5, 2009) (O'Connor, J.).

Under the Lanham Act, when a defendant wilfully violates § 1125, plaintiffs are entitled to recover (1) defendant's profits, (2) plaintiff's damages, and (3) court costs. 15 U.S.C. § 1117(a). In addition, a court assessing damages may, as proper under the circumstances of the case, enter judgment for any amount up to three times actual damages. *Id*. The Lanham Act also gives this Court the discretion to award attorneys' fees to the prevailing party in "exceptional cases." *Id*. The Fifth Circuit has acknowledged that "the exceptional case is one in which the defendant's trademark infringement can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'" *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992).

Additionally, under Chapter 41 of the Texas Civil Practice and Remedies Code, the Court may award exemplary damages for violations of Texas common law "if the claimant proves from clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."[1] Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a) (West 2013).

Plaintiff has provided the Court with affidavits that attest to his damages. *See generally* ECF No. 13. Ultimately, Plaintiff seeks to recover the following:

1. Actual damages in the amount of $60,443.00;

2. Defendant's profits in the amount of $86,348.00;

3. Plaintiff's treble damages in the amount of $181,331.00;

---

[1] In its order, this Court previously found that Plaintiff is entitled to exemplary damages under Texas law and attorneys' fees under the Lanham Act. *See* Order, Nov. 10, 2014, ECF No. 12.

    4.        Exemplary damages in the amount of $300,000.00;

    5.        Reasonable attorneys' fees in the amount of $25,000.00; and

    6.        Costs in the amount of $475.00.

*See* Mot. J. 1-2, ECF No. 13; (Antonini Aff.), ECF No. 13-1; (Schwartz Aff.), ECF No. 13-2.

Plaintiff additionally seeks entry of the following permanent injunction against Defendant:

> Defendant, K Design Marketing, Inc., and all employees, agents, anyone acting in concert with Defendant, and other persons with knowledge of this Permanent Injunction, are hereby **ENJOINED** to refrain from further use of DIGICLEAN, DIGICLOTH, or DIGIPAD, or any name or mark deceptively similar thereto in any manner (including, but not by way of limitation, as a hidden keyword computer search term or meta tag).

Mot. J. 2, ECF No. 13; Mot. J. (Permanent Injunction), ECF No. 13-4. Having considered the affidavits, the Court awards Plaintiff the following damages:

    1.        Plaintiff's treble damages in the amount of $181,329.00;[2]

    2.        Defendant's profits in the amount of $86,348.00;

    3.        Exemplary damages in the amount of $293,582.00;[3]

    4.        Reasonable attorneys' fees in the amount of $25,000.00; and

    5.        Costs in the amount of $475.00.

---

[2] Although Plaintiff seeks treble damages in the amount of $181,331.00, the Court finds that the actual amount of treble damages, based on Plaintiff's proffered amount of actual damages, is $181,329.00.

[3] Texas Civil Practice and Remedies Code § 41.008(b) provides the following:
(b) Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of:
    (1)(A) two times the amount of economic damages; plus
      (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or
    (2) $200,000.
Here, the Court finds that Plaintiff's economic damage total is $146,791.00. Accordingly, Plaintiff's exemplary damage total is capped at $293,582.00.

In addition, the Court enters the aforementioned permanent injunction against Defendant. A final judgment will issue separately.

    **SO ORDERED** on this **26th day** of **November, 2014.**

                                     Reed O'Connor
                                     **UNITED STATES DISTRICT JUDGE**